IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| FIRST STATE INSURANCE GROUP | ) | C.A. No. 04 1397 JLT |
| Petitioner, | ) | RECEIPT # 56730 |
| vs. | ) | AMOUNT $ |
|  | ) | SUMMONS ISSUED Yes |
| DAEHAN FIRE & MARINE INSURANCE | ) | LOCAL RULE 4.1 |
| COMPANY | ) | WAIVER FORM |
| Respondent. | ) | MCF ISSUED |
| MAGISTRATE JUDGE Cohen | ) | BY DPTY. CLK. |
|  | ) | DATE |

## PETITION TO CONFIRM ARBITRATION AWARD

Petitioner, First State Insurance Company ("First State"), hereby petitions the Court pursuant to Section 207 of the Federal Arbitration Act ("FAA"), 9 U.S.C. §207, to confirm a final arbitration award dated January 23, 2004 (the "Award"), rendered in an arbitration between First State and Respondent, Daehan Fire & Marine Insurance Company ("Daehan"), and avers in support thereof the following:

### SUBJECT MATTER JURISDICTION

1.      This Court has subject matter jurisdiction under Section 203 of the Federal Arbitration Act ("FAA"), 9 U.S.C. §203, which is part of Congress' enactment into law of the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("Convention"). The Award sought to be confirmed is subject to the Convention pursuant to Article 1, Section 1 of the Convention, and 9 U.S.C. §202, in that the arbitration involved First State, a U.S. corporation, and Daehan, a foreign reinsurer. Moreover, the Award arose out of a commercial contractual relationship between First State and Daehan involving the business of insurance and

reinsurance. Accordingly, this Court has subject matter jurisdiction pursuant to 9 U.S.C. §203 and 28 U.S.C. §1331.

## PERSONAL JURISDICTION AND VENUE

2.      Pursuant to Section 204 of the FAA, 9 U.S.C. §204, this court has personal jurisdiction and venue is proper in this Court. Daehan entered into an agreement with First State, pursuant to which it agreed to provide reinsurance to First State, a corporation having its principal place of business in Massachusetts. Further, Daehan agreed to submit to arbitration in Boston, Massachusetts.

## PARTIES

3.      Petitioner, First State, is a corporation organized under the laws of Delaware, with a principal place of business in Boston, Massachusetts.

4.      Respondent, Daehan, is a foreign corporation that transacts the business of insurance and reinsurance, with a principal place of business in Seoul, Republic of Korea.

## BACKGROUND

5.      From April 1, 1975 through March 31, 1977, First State and Daehan were parties to a reinsurance agreement known as the Casualty Facultative Surplus Treaty (the "Treaty") pursuant to which Daehan agreed to reinsure a percentage share of the facultative casualty reinsurance assumed by First State. See the Affidavit of Susan E. Grondine ("Grondine Aff.") ¶2, filed herewith.

6.      In late 2001, a dispute arose between First State and Daehan when, without notice or explanation to First State, Daehan ceased making payments due and owing under the Treaty. See Grondine Aff., ¶3.

7.      The Treaty contains an arbitration clause, pursuant to which the parties agreed to resolve all of their disputes. See Grondine Aff., ¶4.

8.      On or about March 11, 2003, First State served its arbitration demand, via fax and Federal Express, on Daehan and the reinsurance intermediary, Marsh Limited, as required by the language of the Treaty, advising that Daehan had 30 days under the Treaty to identify its party-appointed arbitrator and if it failed to do so, First State was entitled to appoint Daehan's arbitrator. See Grondine Aff., ¶¶6 and 7.

9.      On or about March 25, 2003, via fax, Daehan identified Peter Matthews of Global Reinsurance Consultants Ltd. as its arbitrator. See Grondine Aff., ¶8.

10.     On or about April 1, 2003, First State advised Daehan, via fax, that Peter Matthews could not serve as an arbitrator because, among other things, he had done work for First State relating to the accounts at issue and Daehan was obligated to name a qualified arbitrator by April 11, 2003. See Grondine Aff., ¶9.

11.     On or about April 11, 2003, First State advised Daehan, via fax, that it had appointed Michael Studley as its party-appointed arbitrator. See Grondine Aff., ¶10.

12.     On or about April 22, 2003, First State advised Daehan, via fax, that since Daehan had not yet identified a qualified arbitrator within the time permitted under the Treaty, First State appointed Robert Miller as Daehan's arbitrator. See Grondine Aff., ¶11.

13.     On or about July 31, 2003, First State advised the arbitrators and Daehan, via fax, that First State was prepared to proceed with the arbitration. See Grondine Aff., ¶14

14.     On or about August 15, 2003, Richard White advised First State and Daehan, via fax, that he had been selected by the arbitrators as the umpire in the arbitration and requested information from Daehan regarding its representative for purposes of the arbitration so that the

Panel could move forward with an organizational meeting and ultimate resolution of the case. See Grondine Aff., ¶15.

15.     On or about September 5, 2003, via fax, the umpire proposed to the parties that the organizational meeting take place on September 22, 2003, via conference call, with a court reporter, indicating that in the event Daehan is not represented on the call by U.S. counsel, the Panel would remain flexible given the time difference between Seoul, South Korea and the U.S. East Coast. See Grondine Aff., ¶16.

16.     On or about September 10, 2003, First State advised the Panel and Daehan, via fax, that First State was available for the September 22, 2003 organizational meeting and would arrange for the court reporter. See Grondine Aff., ¶17.

17.     On or about September 16, 2003, First State advised Daehan, via fax, that it would initiate the September 22, 2003 conference call, requesting confirmation of the appropriate telephone number to call Daehan. No such confirmation was provided. See Grondine Aff., ¶18.

18.     On or about September 16, 2003, the umpire advised the parties, via fax, that the organizational meeting would take place on September 22, 2003, enclosed a proposed agenda for the meeting and requested that the parties provide brief position statements by September 16, 2003. See Grondine Aff., ¶19.

19.     On or about September 19, 2003, First State submitted its Preliminary Statement of Issues to the Panel and Daehan. Daehan did not submit a Preliminary Statement. See Grondine Aff., ¶20.

20.    On or about September 22, 2003, First State participated in the telephonic organizational meeting with the members of the Panel and a court reporter.  Daehan did not have a representative participate in the call.  See Grondine Aff., ¶21.

21.    On or about October 2, 2003, First State provided Daehan, via fax, a copy of the organizational meeting transcript, a Hold Harmless Agreement and the schedule ordered by the Panel, requesting that by October 6, 2003, Daehan execute the Hold Harmless Agreement based upon the disclosures by the Panel in the organizational meeting, and confirm its participation in the November 24, 2003 hearing.  First State never received a response from Daehan.  See Grondine Aff., ¶22.

22.    On or about October 10, 2003, First State advised the Panel and Daehan, via fax, that since Daehan had not responded regarding the hold Harmless Agreement, First State was signing it on a unilateral basis.  See Grondine Aff., ¶24.

23.    On or about October 28, 2003, First State advised the Panel, via fax, that contrary to the Panel's order that Daehan respond to First State's discovery requests and provide any discovery requests to First State by October 20, 2003, nothing had been received from Daehan.  See Grondine Aff., ¶25.

24.    On or about November 11, 2003, First State advised the Panel and Daehan, via fax, that Daehan had not, as ordered by the Panel, produced any documents in response to First State's document requests and requested that the umpire send Daehan a letter urging it to comply with First State's discovery requests and reiterated First State's readiness to proceed with the November 24, 2003 hearing.  See Grondine Aff., ¶26.

25.    On or about November 21, 2003, First State submitted its Pre-hearing Brief to the Panel and Daehan, via Federal Express and email.  See Grondine Aff., ¶27.

26.    On or about November 24, 2003, First State participated in the hearing, conducted via telephone, presented documentary evidence and witness testimony and argued its case to the Panel.  At the outset of the hearing, First State attempted to contact Daehan by telephone. Thereafter, the umpire and Daehan's arbitrator reported they had sent communications to Daehan urging it to participate in the arbitration.  See Grondine Aff., ¶28.

27.    Despite having notice of the proceedings and the opportunity to present evidence, Daehan did not participate in or attend the hearing.  See Grondine Aff., ¶28.

28.    On or about January 23, 2004, the Panel issued its final Award and served it on both First State and Daehan.  See Grondine Aff., ¶29.

29.    The Award required inter alia, that Daehan fulfill its obligations under the Treaty and within ten days:

(a) pay First State outstanding balances, plus interest;

(b) establish a letter of credit in the amount of current loss reserves; and

(c) pay First State's attorneys' fees and all costs of the arbitration, including the Panel's fees and expenses.

See Grondine Aff., ¶29.

30.    Prior to the arbitration, throughout the arbitration and after the issuance of the Award, First State and Daehan communicated regarding settlement, with First State agreeing to stay the case for several months in order to facilitate negotiations.  See Grondine Aff., ¶31.

31.    Daehan responded to the arbitration demand and settlement inquiries, however, it did not otherwise participate in the arbitration process.  See Grondine Aff., ¶31.

32.    First State has paid Robert Miller for his services as Daehan's

party-appointed arbitrator since Daehan failed to do so. <u>See</u> Grondine Aff., ¶32.

33.    To date, Daehan has not complied with the Award. <u>See</u> Grondine

Aff., ¶33.

<b><u>THE AWARD SHOULD BE CONFIRMED PURSUANT TO THE FAA</u></b>

34.    Section 207 of the FAA provides that a party may seek to have an award confirmed within three years of the making of the award, and the Court should confirm it "unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention. " 9 U.S.C. §207.

35.    It has been less than three years since the Award was made, and none of the grounds for refusal or deferral of recognition or enforcement of the Awards under the Convention are present; therefore, the Award should be confirmed pursuant to 9 U.S.C. §207.

36.    Confirmation of the Award pursuant to 9 U.S.C. §207 does not conflict with 9 U.S.C. §§1-16 as the Award would be confirmable under 9 U.S.C. §9, if applicable.

WHEREFORE, for the reasons stated herein, and as more fully explained in the accompanying Memorandum of Law, First State respectfully petitions that this Court, pursuant to the provisions of Section 207 of the FAA, enter an Order confirming the Award and directing that judgment be entered against Daehan and in favor of First State.

7

FIRST STATE INSURANCE GROUP,
By its attorneys,

PRINCE, LOBEL, GLOVSKY & TYE LLP


Rhonda L. Rittenberg BBO #550498
Anne-Marie Regan BBO #554317
John E. Matosky BBO #641661
585 Commercial Street
Boston, MA 02109
(617) 456-8000

Susan E. Grondine, Esq.
Horizon Management Group, LLC
150 Federal Street
Boston, MA 02110

Dated: 6/18/04

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

1. Title of case (name of first party on each side only) First State Insurance Group v. Daehan Fire & Marine Insurance
   Company

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.   (See
   local rule 40.1(a)(1)).

   ☐  I.     160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ☑  II.    195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,      *Also complete AO 120 or AO 121
             740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.         for patent, trademark or copyright cases

   ☐  III.   110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
             315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
             380, 385, 450, 891.

   ☐  IV.    220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
             690, 810, 861-865, 870, 871, 875, 900.

   ☐  V.     150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)).  If more than one prior related case has been filed in
   this district please indicate the title and number of the first filed case in this court.

   None

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
                                                            YES ☐        NO ☑

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?   (See
   28 USC §2403)
                                                            YES ☐        NO ☑

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
                                                            YES ☐        NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
                                                            YES ☐        NO ☑

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of
   Massachusetts ("governmental agencies"),  residing in Massachusetts reside in the same division? - (See Local Rule
   40.1(d)).
                                                            YES ☐        NO ☑

   A.   If yes, in which division do all of the non-governmental parties reside?

        Eastern Division ☐         Central Division ☐          Western Division ☐

   B.   If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental
        agencies,  residing in Massachusetts reside?

        Eastern Division ☑         Central Division ☐          Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If
   yes, submit a separate sheet identifying the motions)
                                                            YES ☐        NO ☐

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME  Rhonda L. Rittenberg, BBO#550498

ADDRESS  Prince, Lobel, Glovsky & Tye LLP, 585 Commercial Street, Boston, MA  02109

TELEPHONE NO.  617-456-8000

(Coversheetlocal.wpd - 10/17/02)

≋JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

First State Insurance Group

**DEFENDANTS**

Daehan Fire & Marine Insurance Company

(b) County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Rhonda L. Rittenberg, BBO#550498; Anne-Marie Regan, BBO#554317
Prince, Lobel, Glovsky & Tye LLP
585 Commercial Street
Boston, MA 02109
617-456-8000

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury— | [ ] 620 Other Food & Drug | | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product | Med. Malpractice | [ ] 625 Drug Related Seizure | [ ] 423 Withdrawal | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | Liability | [ ] 365 Personal Injury — | of Property 21 USC 881 | 28 USC 157 | [ ] 450 Commerce/ICC Rates/etc. |
| [ ] 150 Recovery of Overpayment | [ ] 320 Assault, Libel & | Product Liability | [ ] 630 Liquor Laws | | [ ] 460 Deportation |
| & Enforcement of Judgment | Slander | [ ] 368 Asbestos Personal | [ ] 640 R.R. & Truck | **PROPERTY RIGHTS** | [ ] 470 Racketeer Influenced and |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers' | Injury Product | [ ] 650 Airline Regs. | [ ] 820 Copyrights | Corrupt Organizations |
| [ ] 152 Recovery of Defaulted | Liability | Liability | [ ] 660 Occupational | [ ] 830 Patent | [ ] 810 Selective Service |
| Student Loans | [ ] 340 Marine | **PERSONAL PROPERTY** | Safety/Health | [ ] 840 Trademark | [ ] 850 Securities/Commodities/ |
| (Excl. Veterans) | [ ] 345 Marine Product | [ ] 370 Other Fraud | [ ] 690 Other | | Exchange |
| [ ] 153 Recovery of Overpayment | Liability | [ ] 371 Truth in Lending | | | [ ] 875 Customer Challenge |
| of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 380 Other Personal | **LABOR** | **SOCIAL SECURITY** | 12 USC 3410 |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle | Property Damage | [ ] 710 Fair Labor Standards | [ ] 861 HIA (1395ff) | [ ] 891 Agricultural Acts |
| [ ] 190 Other Contract | Product Liability | [ ] 385 Property Damage | Act | [ ] 862 Black Lung (923) | [ ] 892 Economic Stabilization Act |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal Injury | Product Liability | [ ] 720 Labor/Mgmt. Relations | [ ] 863 DIWC/DIWW (405(g)) | [ ] 893 Environmental Matters |
| | | | [ ] 730 Labor/Mgmt.Reporting | [ ] 864 SSID Title XVI | [ ] 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | & Disclosure Act | [ ] 865 RSI (405(g)) | [ ] 895 Freedom of Information Act |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate | [ ] 740 Railway Labor Act | **FEDERAL TAX SUITS** | [ ] 900 Appeal of Fee Determination |
| [ ] 220 Foreclosure | [ ] 442 Employment | Sentence | | [ ] 870 Taxes (U.S. Plaintiff | Under Equal Access to |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ | **Habeas Corpus:** | [ ] 790 Other Labor Litigation | or Defendant) | Justice |
| [ ] 240 Torts to Land | Accommodations | [ ] 530 General | | [ ] 871 IRS—Third Party | [ ] 950 Constitutionality of |
| [ ] 245 Tort Product Liability | [ ] 444 Welfare | [ ] 535 Death Penalty | [ ] 791 Empl. Ret. Inc. | 26 USC 7609 | State Statutes |
| [ ] 290 All Other Real Property | [ ] 440 Other Civil Rights | [ ] 540 Mandamus & Other | Security Act | | [X] 890 Other Statutory Actions |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Petition to Confirm Arbitration Award, 9 U.S.C. sec. 207

## VII. REQUESTED IN COMPLAINT:

[ ] CHECK IF THIS IS A CLASS ACTION DEMAND UNDER F.R.C.P. 23

CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes [X] No

## VIII. RELATED CASE(S) IF ANY (See instructions):

JUDGE _____    DOCKET NUMBER _____

DATE  June 18 2004    SIGNATURE OF ATTORNEY OF RECORD

## FOR OFFICE USE ONLY

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____