IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| FIRST STATE INSURANCE GROUP </br></br> Petitioner, </br> vs. </br></br> DAEHAN FIRE & MARINE INSURANCE COMPANY </br></br> Respondent. | C.A. No. 04-cv-11397-JLT |

## MEMORANDUM OF LAW IN SUPPORT OF FIRST STATE INSURANCE GROUP'S MOTION TO RE-ENTER ORDER APPROVING ITS PETITION TO CONFIRM ARBITRATION AWARD

By Order dated August 23, 2004 (the "August 23 Order"), this Court approved First State Insurance Company's ("First State") Petition to Confirm Arbitration Award (the "Petition") without objection from the Respondent, Daehan Fire & Marine Insurance Company ("Daehan"). Because the August 23 Order was entered on the last day for Daehan to respond to the Petition, First State seeks to eliminate any challenge by Daehan that the August 23 Order was entered before Daehan had time to respond. As more fully set forth below, First State respectfully requests, pursuant to Fed. R. Civ. P. 60(b)(1), that this Court vacate the August 23 Order and re-enter a similar order approving the Petition.

I.  **Factual Background**

First State filed the Petition on June 18, 2004. It gave notice of the Petition to Daehan, in accordance with the terms of a reinsurance agreement between the parties, by sending a copy along with a summons by certified mail to Mendes & Mount LLP, Daehan's agent authorized by appointment to receive service of process. (*See* Affidavit in Proof of Service ("Aff."), at ¶ 3.)

Mendes & Mount acknowledged receipt of the papers on Daehan's behalf on July 30, 2004. (*See* Aff., at ¶ 5.)

Although Daehan did not oppose or otherwise respond to the Petition by the time the August 23 Order was entered, the record—reflecting that service was accomplished on July 30, 2004—raises the possibility that the August 23 Order was entered before Daehan had an opportunity to respond. The Summons and Fed. R. Civ. P. 12(a) allowed Daehan twenty (20) days to respond. Allowing three (3) days for service by mail, a response by Daehan would have been due not later than Monday, August 23, 2004, the day the Court approved the Petition. Despite the fact that to date, Daehan has made no effort to respond, First State is concerned that when it seeks to enforce the August 23 Order in a foreign jurisdiction, Dahean may challenge the August 23 Order on the basis of a technical error.

## II. The Court Should Vacate The August 23 Order, And Re-Enter A Similar Order Approving the Petition, Thereby Eliminating Any Challenge By Daehan That The Order Was Entered Prematurely.

### A. The Court Has Discretion To Vacate An Order And Re-Enter A Similar One To Reflect the Court's Actual Intent.

Rule 60(b)(1) provides in relevant part that:

> On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect[.]

Fed. R. Civ. P. 60(b)(1). A motion under Rule 60(b)(1) is the appropriate mechanism for resolving questions regarding the court's actual intent as reflected in an order. *See Rooney v. Biomet, Inc.*, 197 F.R.D. 209, 210, 2000 U.S. Dist LEXIS 19142, *5 (D. Mass. 2000) (court vacated judgment and re-entered order of dismissal to clarify court's intent that dismissal be without prejudice and without preclusive effect). The court's discretion in reviewing Rule 60(b) motions is broad. *See id.* at *6.

2

The moving party must show: 1) that granting the motion will not be an "empty exercise;" 2) timeliness; 3) the existence of exceptional circumstances justifying relief; and 4) the absence of unfair prejudice to the opposing party. *See id.* First State can satisfy all of these elements.

### B. Re-Entering The Order Approving The Petition Is Warranted Under The Circumstances.

The record is ambiguous regarding whether Daehan had a full opportunity to respond to the Petition before the August 23 Order was entered. First State's proof of service establishes that the Petition was served to Daehan on July 30, 2004. Based on this record, it would appear that the August 23 Order was entered on the last day for Daehan to have responded, thus suggesting that the August 23 Order may have been entered prematurely. Daehan could exploit this ambiguity to challenge enforcement of the order. Accordingly, the granting of this motion is necessary to notify the parties that the Court approved the Petition after the time for Daehan to respond had lapsed without Daehan opposing or otherwise responding to the Petition. The new order would obviate any challenge by Daehan based on a technicality. As such, it would not be an "empty exercise" for the Court to clarify the record and its intent in approving the Petition.

This motion is timely as it is made within one year after the August 23 Order, as required by Rule 60(b). Fed. R. Civ. P. 60(b). The ambiguity in the record as to whether Daehan was given an opportunity to respond prior to the entry of the August 23 Order constitutes the exceptional circumstances justifying relief. Moreover, Daehan will not be prejudiced by re-entry of an order approving the Petition, because the Court will not be amending its actual decision. *See id.* at *7. Significantly, however, First State may suffer harm if the August 23 Order is not re-entered. Daehan's failure to participate in this matter, or in the underlying arbitration, indicates a design on its part to avoid enforcement of the arbitration award and, thus, any order

3

confirming it. Should there be any question as to whether the record reflects a technical error in the August 23 Order, First State fears Deahan will exploit it to create a further obstacle to the enforcement of the arbitration award.

### III. Conclusion

Accordingly, for the reasons stated herein, First State respectfully requests that the Court vacate the August 23 Order, and re-enter a similar order approving First State's Petition to Confirm Arbitration Award, there having been no objection.

>
> FIRST STATE INSURANCE GROUP,
> By its attorneys,
>
> PRINCE, LOBEL, GLOVSKY & TYE LLP
>
>
> _____
> Rhonda L. Rittenberg BBO #550498
> Anne-Marie Regan BBO #554317
> John E. Matosky BBO #641661
> 585 Commercial Street
> Boston, MA 02109
> (617) 456-8000
>
> Susan E. Grondine, Esq.
> Horizon Management Group, LLC
> 150 Federal Street
> Boston, MA 02110

Dated: <u>September 10, 2004</u>

### CERTIFICATE OF SERVICE

I, John E. Matosky, certify that I caused a copy of this document to be served upon the respondent this 10th day of September 2004, by mailing a copy to its agent authorized by appointment to receive service of process.

_____

4